United States Court of Appeals
FOR THE EIGHTH CIRCUIT
No. 97-2200

United States of America,          *
                                   *
        Appellee,                  *
                                   *   Appeal from the United States
        v.                         *   District Court for the
                                   *   Northern District of Iowa.
James Alexander Pryor,             *
                                   *   **[UNPUBLISHED]**
        Appellant.                 *

_____

Submitted: March 25, 1998
Filed: March 30, 1998
_____

Before FAGG, BOWMAN, and MURPHY, Circuit Judges.
_____

PER CURIAM.

After a jury found James Alexander Pryor guilty of distributing crack cocaine on two occasions, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and 21 U.S.C. § 860, the district court,[1] applying the Guidelines for cocaine base, sentenced Pryor to concurrent terms of 84 months imprisonment and six years supervised release. Pryor now appeals from the district court's denial of his post-trial motions for a new trial and/or dismissal of the indictment, which were based on the government's failure to

_____

[1]The Honorable Michael J. Melloy, Chief Judge, United States District Judge for the Northern District of Iowa.

disclose timely exculpatory evidence pertaining to the identification of Pryor as the person who sold crack cocaine to an undercover Iowa detective. Pryor also argues the court erred in applying the Guidelines for crack rather than powder cocaine in determining his sentence, because the Guidelines definition of crack is vague and the rule of lenity thus should apply. We affirm.

Under Brady v. Maryland, 373 U.S. 83, 87 (1963), the government is required to disclose any evidence that is "'favorable to an accused'" and is "'material either to guilt or to punishment.'" See United States v. Gonzales, 90 F.3d 1363, 1368 (8th Cir. 1996). In this circuit, however, the Brady rule "is limited only to the discovery, after trial, of information which had been known to the prosecution but unknown to the defense. . . . Where the prosecution delays disclosure of evidence, but the evidence is nonetheless disclosed during trial, Brady is not violated." Id. Here, all of the purported Brady material was disclosed before or during trial (and there is no allegation to the contrary), and we note that Pryor declined the court's offer to grant him a mistrial based on the government's late disclosure of this material. Because Pryor's motions were premised upon the government's alleged violation of Brady and no such violation occurred, the district court did not abuse its discretion in denying Pryor's post-trial motions. See United States v. Rabins, 63 F.3d 721, 726 (8th Cir. 1995) (standard of review for motion for new trial based on newly discovered Brady material), cert. denied, 516 U.S. 1153 (1996); United States v. Manthei, 979 F.2d 124, 126-27 (8th Cir. 1992) (standard of review for motion to dismiss indictment based on prosecutorial misconduct).

Pryor's challenge to the use of the Guidelines for cocaine base in determining his sentence is foreclosed by our prior decisions. See, e.g., United States v. Jackson, 64 F.3d 1213, 1219-20 (8th Cir. 1995) (rejecting vagueness challenge and challenge based on rule of lenity), cert. denied, 516 U.S. 1137 (1996).

Accordingly, we affirm the judgment of the district court.

-2-

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.